**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 06-4976**

———————————

UNITED STATES OF AMERICA,

                                   Plaintiff - Appellee,

      versus

QUINCY FONTAL JACKSON,

                                   Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of
South Carolina, at Columbia.   Cameron McGowan Currie, District
Judge.  (3:05-cr-01150-CMC)

———————————

Submitted:  April 11, 2007          Decided:  August 15, 2007

———————————

Before MICHAEL and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

John H. Hare, Assistant Federal Public Defender, Columbia, South
Carolina, for Appellant.  Reginald I. Lloyd, United States
Attorney, Jane B. Taylor, Assistant United States Attorney,
Columbia, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Quincy Fontal Jackson pled guilty by plea agreement to possession with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and (D) (2000) (Count One), and knowingly using and carrying a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2000) (Count Two). Jackson reserved the right to appeal the district court's denial of his motion to suppress evidence, wherein he argued the evidence seized from his vehicle was obtained after an illegal detention and questioning and without probable cause. The district court sentenced Jackson to a total of 106 months of imprisonment. Jackson appealed, contending the district court erred in denying his motion to suppress because he was detained, questioned, and searched in violation of the Fourth Amendment. Finding no error, we affirm.

This court reviews the factual findings underlying the denial of a motion to suppress for clear error and its legal conclusions de novo. United States v. Johnson, 400 F.3d 187, 193 (4th Cir.), cert. denied, 126 S. Ct. 134 (2005). The evidence is construed in the light most favorable to the prevailing party below. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

Trooper Bird lawfully stopped Jackson for following another vehicle too closely in violation of South Carolina law.

Observation of any traffic violation, no matter how minor, gives an officer probable cause to stop the driver. United States v. Hassan El, 5 F.3d 726, 731 (4th Cir. 1993). A stop for a traffic violation, "does not become unreasonable merely because the officer has intuitive suspicions that the occupants of the car are engaged in some sort of criminal activity." Id. A routine and lawful traffic stop permits an officer to detain the motorist to request a driver's license and vehicle registration, to run a computer check, and to issue a citation. Id. To further detain the driver requires a reasonable suspicion on the part of the investigating officer that criminal activity is afoot. United States v. Brugal, 209 F.3d 353, 358 (4th Cir. 2000).

Jackson contends that Trooper Bird unlawfully detained him beyond the traffic stop with questions about his travel plans, his arrest record, and contraband in the vehicle because Bird had no reasonable suspicion to continue to question him. Trooper Bird articulated the following reasons why he suspected criminal activity was afoot: (1) Jackson provided vague information about the length of his stay in Atlanta; (2) Jackson was driving a rental car and had been doing so for three weeks; (3) Jackson appeared nervous and deceptive and would not look Bird in the eye when answering questions; and (4) Jackson eventually volunteered that he had a prior drug conviction. Moreover, Bird explained that in his experience in drug interdiction, Atlanta was a source city for drug

trafficking and drug traffickers frequently drove rental vehicles. Therefore, Bird drew an inference based on these observations and the cumulative evidence that Jackson was carrying contraband.

Nevertheless, Bird did not arrest Jackson at this time, but instead, merely asked Jackson for consent to search his vehicle. Jackson gave his consent more than once. As the district court noted, nothing in the record indicates that Jackson's consent was involuntary as Jackson had been arrested more than once and had experience with the criminal justice system, asked about probable cause, and told Trooper Bird that he was a businessman. The circumstances were not coercive, deceptive, or intimidating. The encounter remained consensual because Jackson voluntarily cooperated with Trooper Bird. See United States v. Weaver, 282 F.3d 302, 309-10 (4th Cir. 2002). Moreover, Bird did not search the car but instead called for backup, and the backup officer conducted a canine search when he arrived. The canine sniff alerted the officers to the same area of the vehicle twice. A canine search conducted during a lawful traffic stop that reveals no information other than the location of contraband does not violate the Fourth Amendment. See Illinois v. Caballes, 543 U.S. 405, 409 (2005). The positive dog alert also provided probable cause for the search of Jackson's vehicle. Id.

Accordingly, the district court properly denied Jackson's motion to suppress, and we therefore affirm Jackson's conviction

and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED